# EXHIBIT A

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

X ***Providence County***
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ ***Kent County***
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

___ ***Newport County***
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ ***Washington County***
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. 08-360

AmTrans Health, LLC & Sagar Fosil Fuel Technologies Pvt. Ltd.
Plaintiff

Z-MEDICA Corporation
Defendant

## Summons

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Behik & Associates, P.C. Plaintiff's attorney, whose address is 931 Jefferson Blvd., Ste. 2008, Warwick, RI 02886 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: January 18, 2008

(Seal of the Superior Court)

A TRUE COPY ATTEST
[signature]
PROCESS SERVER

A TRUE COPY ATTEST
[signature]
Michele VonEisengrein
Private Process Server

# State of Rhode Island and Providence Plantations

Providence ..........,SC

## PROOF OF SERVICE

I hereby certify that on the .................................... day of .............................................. I served a copy of this summons and a copy of the complaint received therewith upon Z-MEDICA Corp.

..........................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,..............................................

.........................................................................................., with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ..........................................

.........................................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ...........................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

Sheriff's Fees

Travel ......................... $...........................

Service ........................ $...........................

$...........................

..........................................

Deputy Sheriff

CIVIL ACTION

FILE NO. PC08-0360

SUMMONS

SUPERIOR COURT

AmTrans Health, LLC & Sagar Fossil Fuel Technologies Pvt. Ltd

VS

Z-MEDICA Corp.

ATTORNEY FOR PLAINTIFF

Benik & Associates
931 Jefferson Blvd, Ste. 2008
Warwick, RI 02886

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

A TRUE COPY ATTEST

Michele VonEisengrein
Private Process Server

| | | |
|---|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, S.C. | : | SUPERIOR COURT |
| AMTRANS HEALTH, LLC and<br>SAGAR FOSSIL FUEL<br>TECHNOLOGIES PVT. LTD. | : | |
| v. | : | |
| Z-MEDICA CORPORATION, alias | : | |

## VERIFIED COMPLAINT and DEMAND for a JURY TRIAL

## PARTIES

1. Plaintiff, AmTrans Health, LLC ("AmTrans") is a company duly organized and existing under the laws of the State of Rhode Island with its principal place of business in Wickford, Rhode Island.

2. Plaintiff, Sagar Fossil Fuel Technologies Pvt. Ltd. ("Sagar") is a company duly organized and existing under the laws of India with its principal place of business in New Delhi, India.

3. Upon information and belief, Defendant, Z-MEDICA Corporation, alias ("Z-MEDICA") is a corporation duly organized and existing under the laws of the State of Connecticut with its principal place of business in Wallingford, Connecticut.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to R.I. Gen. Laws § 8-2-14 and § 9-5-33. The Defendant is subject to jurisdiction in Rhode Island without limitation based on its minimum contacts with the forum.

5. Venue is properly founded in this county pursuant to R.I. Gen. Laws § 8-2-27 because of the matter's complex business nature.

## FACTUAL ALLEGATIONS

6. Upon information and belief, Z-MEDICA produces and markets QuikClot® brand hemostatic agents and other blood clotting medical products.

7. In 2002, Sagar received authorization to represent, promote and distribute QuikClot® brand hemostatic agents throughout the Indian subcontinent. Since that time, Sagar has actively marketed, promoted and secured orders for Z-MEDICA's QuikClot® brand hemostatic agents throughout the Indian subcontinent.

8. Upon information and belief, Star Wire (India) Ltd. ("Star Wire") is a company duly organized and existing under the laws of India with its principal place of business in New Delhi, India.

9. In 2002 and 2003, Sagar successfully defended against Star Wire to protect Z-MEDICA's interests in the Indian subcontinent.

10. In July 2003, Z-MEDICA reaffirmed Sagar's appointment as its exclusive sales representative in the Indian subcontinent.

11. In 2004, Sagar secured an Indian military test agreement for QuikClot® brand hemostatic agents, provided the necessary samples and received positive results thereon – opening that market for Z-MEDICA's product.

12. In September 2005, Z-MEDICA reaffirmed Sagar's appointment as its sole representative.

13. In October 2005, the Indian Army's Northern Command ("Northern Command") expressed its intent to purchase QuikClot® brand hemostatic agents on short notice.

14. In December 2005, Sagar reminded Z-MEDICA of the time-consuming and expensive regulatory requirements for importation of QuikClot® brand hemostatic agents and sales to the government and/or military sectors in India. Additionally, Sagar provided Z-MEDICA an extensive report of past business development activities and future projections.

15. In or about February 2006, Plaintiffs, AmTrans and Sagar executed an Exclusive Marketing And Fulfillment Agreement (**Ex.1**). Since February 2006, AmTrans has worked in conjunction with Sagar to actively market, promote and secure orders for Z-MEDICA's QuikClot® brand hemostatic agents and other blood clotting medical products throughout the Indian subcontinent.

16. In or about March 2006, with knowledge of the time-consuming and expensive regulatory requirements for importation of QuikClot® brand hemostatic agents and sales to the government and/or military sectors, Z-MEDICA authorized AmTrans to export QuikClot® brand hemostatic agents to Sagar in the country of India (**Ex.2**).

17. In April 2006, the Indian Paramilitary Organization Assam Rifles ("Assam Rifles") expressed its intent to purchase 3,550 QuikClot® brand hemostatic agent packets that same financial year.

18. In or about May 2006, after repeated requests, Z-MEDICA assured AmTrans and Sagar that Z-MEDICA would take care of the required Drug Controller General of India ("DCGI") filing immediately.

19. In or about May 2006, without the required DCGI approval, Sagar paid significant fees and product insurance bonds to satisfy a military order for QuikClot® and to preserve Sagar's business reputation in India.

20. In or about June 2006, Sagar reiterated its advice to Z-MEDICA regarding the significant regulatory requirements and marketing challenges for QuikClot® brand hemostatic agents in India – specifically requesting supporting documentation for regulatory filings and marketing materials for sales initiatives.

21. Upon information and belief, Loorita Met Medical S. de R.L. De C.V. ("Loorita") is a company organized and existing under the laws of Mexico with its principal place of business in Guadalajara Jalisco, Mexico.

22. Upon information and belief, AEGIS Health Care Overseas Pvt. Ltd. ("AEGIS") is a company duly organized and existing under the laws of India with its principal place of business in Assam State, India.

23. In or about June 2006, the Plaintiffs became aware of Z-MEDICA and Loorita's efforts to circumvent Sagar's business negotiations with the Assam Rifles, using an unauthorized agent, AEGIS, in the Indian subcontinent.

24. In July 2006, Sagar achieved injunctive relief in India against AEGIS, pertaining to the Assam Rifles bid. However, this litigation significantly compromised Sagar's business negotiations with the Northern Command and the Assam Rifles.

25. In or about August 2006, in an effort to show good faith, AmTrans placed an order with Z-MEDICA for 1,000 QuikClot® brand hemostatic agent packets.

26. In September 2006, after nearly six months of business development by Sagar, Z-MEDICA failed to provide the United Nations in India with appropriate marketing materials and/or test results, compromising that expected order.

27. On September 5, 2006, Z-MEDICA sent correspondence to the Police Headquarters in Chhattisgarh, India, confirming Sagar's agency authorization **(Ex.3)**.

28. After consistent reminders and offers to assist from Sagar, and despite Z-MEDICA's re-assurances in December 2006, it has, to date, never properly applied for the required DCGI regulatory approval **(Ex.4)**.

29. On or about January 23, 2007, Sagar responded to Z-MEDICA's proposed Operating Agreement, highlighting the requirement for DCGI approval as a condition precedent for reconsideration of the terms in Sagar's agreement with Z-MEDICA **(Ex.5)**.

30. On or about January 27, 2007, while in the midst of business negotiations with India's Northern Command, the Plaintiffs noticed that Sagar had been removed as an authorized agent from Z-MEDICA's website, detrimentally affecting Sagar's business

development efforts with the Northern Command and throughout the Indian military and government.

31. In March 2007, Sagar reiterated its continued concerns with Z-MEDICA's failure to complete the DCGI filing and the removal of Sagar from the listed international agents on Z-MEDICA's website.

32. In or about April 2007, AmTrans placed an order for 10,000 QuikClot in Olive Green packets, 3.5 ounces with 3.5-year expiration (**Ex.6**). A portion of these units had been slated for Sri Lanka.

33. In or about May 2007, despite the specific terms of the purchase order, the Plaintiffs discovered that Z-MEDICA had shipped 10,000 units with different expiry dates up to 5 years, preventing their marketing and sale in India. To date, despite repeated requests, Z-MEDICA has failed to issue an accurate invoice for said shipment. And further, Z-MEDICA has demanded payment of a 30% penalty to take back the shipment.

34. Upon information and belief, Hemma Pharmaceuticals ("Hemma") is a company doing business in the Indian subcontinent.

35. Upon information and belief, Smith & Nephew plc ("Smith & Nephew") is a company duly organized and existing under the laws of the United Kingdom with its principal place of business in London, UK.

36. Upon information and belief, in or about May 2007, despite acknowledging Sagar's significant business development efforts in Sri Lanka since 2005, the Plaintiffs became aware of Z-MEDICA and Smith & Nephew's efforts to circumvent Sagar's business negotiations in Sri Lanka, using an unauthorized agent, Hemma, in the Indian subcontinent.

37. In or about October 2007, the Plaintiffs became aware of Z-MEDICA and Starwire's present efforts to harm Sagar's years of business development activities in the Indian subcontinent, regarding QuikClot® brand hemostatic agents.

38. In or about November 2007, the Plaintiffs repeated their request for an accounting of any unauthorized sales throughout the Indian subcontinent.

39. On or about December 18, 2007, Z-MEDICA sent Sagar a letter, purporting to revoke Sagar's appointment as its exclusive sales representative in the Indian subcontinent.

**COUNT 1**
(Breach of Contract)

40. Plaintiffs incorporate paragraphs 1 through 39 above by reference as if realleged in full for Count 1.

41. Pursuant to Z-MEDICA and Sagar's agreement, Sagar has the exclusive right to market, sell and distribute QuikClot® brand hemostatic agents throughout the Indian subcontinent.

42. Sagar has substantially performed its functions under said agreement.

43. Said agreement implies a covenant of good faith and fair dealing.

44. Z-MEDICA has breached the terms of said agreement by repeatedly attempting to sell QuikClot® brand hemostatic agents in the Indian subcontinent without Sagar's involvement or consent.

45. As a result of Z-MEDICA's multiple breaches of its agreement, Sagar has suffered and continues to suffer damages.

**COUNT 2**
(Third Party Beneficiary)

46. Plaintiffs incorporate paragraphs 1 through 45 above by reference as if realleged in full for Count 2.

47. Pursuant to Sagar and AmTrans' agreement, AmTrans is a third party beneficiary of the agreement between Z-MEDICA and Sagar.

48. As a result of Z-MEDICA's multiple breaches of its agreement, AmTrans has suffered and continues to suffer damages.

**COUNT 3**
(Promissory Estoppel)

49. Plaintiffs incorporate paragraphs 1 through 48 above by reference as if realleged in full for Count 3.

50. Z-MEDICA has exclusively authorized Sagar to represent and to promote QuikClot® brand hemostatic agents throughout the Indian subcontinent.

51. This authorization has induced significant business development activities by the Plaintiffs.

52. Plaintiffs have reasonably relied upon this continued authorization.

53. Plaintiffs have suffered and continue to suffer damages as a result of this detrimental reliance.

**COUNT 4**
(Quantum Meruit)

54. Plaintiffs incorporate paragraphs 1 through 53 above by reference as if realleged in full for Count 4.

55. Through their years of combined business activities throughout the Indian subcontinent, pertaining to QuikClot® brand hemostatic agents, the Plaintiffs have developed that marketplace for Z-MEDICA.

56. Z-MEDICA's growth and profitability have benefited from the Indian subcontinent's marketplace development.

57. Without compensation therefore, Z-MEDICA has inequitably benefited from the Indian subcontinent's marketplace development.

58. In the event that the Plaintiffs cannot recover damages under a breach of contract theory for these services that benefit Z-MEDICA now and into the future, the Plaintiffs should receive the market value for said services provided.

**COUNT 5**
(Intentional Interference with Prospective Contractual Relations)

59. Plaintiffs incorporate paragraphs 1 through 58 above by reference as if realleged in full for Count 5.

60. Plaintiffs reasonably expected to establish business relationships with the Assam Rifles, the Northern Command and the country of Sri Lanka.

61. Z-MEDICA had knowledge of these prospective business relationships.

62. Z-MEDICA intentionally and maliciously interfered with each of these relationships through impermissible negotiating entities and unjustified support failures, to include Sagar's removal from the International Sales page of Z-MEDICA's website.

63. As a result of the cancelled and/or delayed orders from the Assam Rifles, the Northern Command and the country of Sri Lanka, the Plaintiffs have suffered and continue to suffer damages.

**COUNT 6**
(Misrepresentation)

64. Plaintiffs incorporate paragraphs 1 through 63 above by reference as if realleged in full for Count 6.

65. On multiple occasions, Z-MEDICA represented that it had made application for the required regulatory approvals in India and that it had provided the necessary marketing support for sales efforts throughout the Indian subcontinent.

66. Z-MEDICA should have known of the falsity of these representations.

67. These representations were intended to induce further business development activities by Sagar and AmTrans.

68. Because of their justifiable reliance on these representations, the Plaintiffs have suffered and continue to suffer damages.

**COUNT 7**
(Breach of Contract – Nonconforming Goods)

69. Plaintiffs incorporate paragraphs 1 through 68 above by reference as if realleged in full for Count 7.

70. AmTrans rejected the whole order of 10,000 units with different expiry dates.

71. Z-MEDICA's insistence on payment of a 30% penalty to take back the shipment is unreasonable.

72. As a result of Z-MEDICA's breach, Plaintiffs have suffered and continue to suffer damages.

**COUNT 8**
(Accounting – Sales)

73. Plaintiffs incorporate paragraphs 1 through 72 above by reference as if realleged in full for Count 8.

74. The Plaintiffs have a vested interest and property right in sales made throughout the Indian subcontinent. Z-MEDICA has an obligation to make an accounting of sales made throughout the Indian subcontinent and has failed to make this accounting.

75. The business relationship between the Plaintiffs and the Defendant is sufficient to establish a right to an accounting.

76. The Plaintiffs have made repeated demands of Z-MEDICA to account for any sales throughout the Indian subcontinent, and Z-MEDICA has failed to make such an accounting.

77. It appears that Z-MEDICA does not have the ability, the capacity and/or the willingness to make this accounting.

78. As a result, the Plaintiffs have suffered and continue to suffer damages.

**COUNT 9**
(Declaratory Judgment for Exclusive to represent, promote and distribute QuikClot® brand hemostatic agents throughout the Indian subcontinent)

79. Plaintiffs incorporate paragraphs 1 through 78 above by reference as if realleged in full for Count 9.

80. Z-MEDICA specifically granted Sagar the exclusive right to represent, promote and distribute QuikClot® brand hemostatic agents throughout the Indian subcontinent.

81. An actual controversy exists between Z-MEDICA and Sagar as to whether Z-MEDICA's December 18, 2007 letter revokes Sagar's appointment. Therefore, the Plaintiffs request declaratory judgment that said letter fails to revoke Sagar's appointment as its exclusive sales representative in the Indian subcontinent.

**DEMAND**

WHEREFORE, the Plaintiffs demand judgment against Defendant as follows:

1. Awarding the Plaintiffs an accounting;
2. Awarding the Plaintiffs additional equitable relief where appropriate;
3. Awarding monetary damages in excess of the Court's jurisdictional minimum;
4. Awarding costs and expenses of this action, including prejudgment interest;
5. Awarding the Plaintiffs reasonable attorneys fees under, *inter alia*, R.I. Gen. Laws § 9-1-45 and its supporting caselaw; and
6. Granting such other and further relief as this Honorable Court deems just and proper.

SAGAR FOSSIL FUEL
TECHNOLOGIES PVT. LTD. and
AMTRANS HEALTH, LLC
By their attorneys,

Gregory L. Benik (#1515)

A TRUE COPY ATTEST
Michele VonEisengrein
Private Process Server

Richard W. Nicholson (#6245)
John B. Garry (#6318)
Benik & Associates, P.C.
931 Jefferson Boulevard, Ste. 2008
Warwick, RI 02886
Tel: (401) 454-0054
Fax: (401) 732-5054
Dated: 1/18/08

VERIFICATION OF COMPLAINT

Now comes AmTrans Health, LLC, of Town of Wickford, County of Washington, State of Rhode Island, and first thereto being sworn under oath, makes affidavit and states as follows:

1. That it is a Plaintiff in the above-entitled action, and it is authorized to verify the within Complaint;
2. That it has read the Complaint, and said complaint is true to its knowledge, except as to any matter stated to be alleged on information and belief, which it believes to be true.

James J. Roberts
AmTrans Health, LLC
Wickford, Rhode Island – U.S.

Subscribed and sworn to before me in Warwick, within the County of Kent, State of Rhode Island, this 18th day of January, 2008.

NOTARY PUBLIC
PRINT NAME: Stephen S. Germani
My Commission Expires: ____________

Stephen S. Germani
Notary Public
My Comm Exp: 4/4/09

A TRUE COPY ATTEST
Michele VonEisengrein
Private Process Server

# EXCLUSIVE MARKETING AND FULFILLMENT AGREEMENT

THIS DOCUMENT CONSTITUTES AN AGREEMENT, by authority of the signatories, that SAGAR FOSSIL FUEL TECHNOLOGIES PVT. LTD. (hereinafter, SFFT) of New Delhi, India, and AMTRANSHEALTH LLC (hereinafter, "ATH", and together "THE COMPANIES") of Rhode Island, USA, have entered into a sole and exclusive agreement to work in cooperation to fulfill the needs of India's government and private sectors for certain life saving devices, including hemostatic agents, protective ballistic vests, and other items upon which the two companies may agree from time to time to cooperate in sourcing and marketing.

ATH HEREIN AGREES to research, source, procure, insure, and ship products on a "best efforts basis" to SFFT for resale in India when such SFFT orders are secured by government issued purchase orders, payment in advance by SFFT, LC's, or other such financial arrangements to which THE COMPANIES together agree.

ATH FURTHER AGREES to work on a "best efforts basis" to research and source items of "interest" to SFFT, including provision of samples, when such interest is clearly defined and expressed in writing by SFFT.

SFFT HEREIN AGREES to clearly define products of interest, to provide ATH copies of Government issued Purchase Orders in a timely fashion so as to expedite ATH's ability to procure inventory and effectuate timely shipment, thereby enabling SFFT to fulfill the terms and conditions of said Purchase Orders.

SFFT AGREES TO SOURCE ALL USA manufactured and/or packaged supplies, materials, and equipment for resale in India exclusively through ATH. In exchange, ATH HEREIN AGREES TO SERVICE ONLY SFFT in the Indian Subcontinent market place. Under this agreement, ATH retains authorization to operate freely in other world markets without restriction and SFFT retains authorization to likewise source products from all other world markets, except the USA.

FURTHER, SFFT AGREES to remit payment in full to ATH for all shipped and completed orders within a maximum period of 120 days. SFFT AGREES to pay interest at a rate of USA "Prime" plus-3-percent (P+3%), compounded annually, on all funds outstanding past 120 days.

UNDER THE TERMS AND CONDITIONS of this agreement, neither company or its agents may financially or contractually bind, encumber, or commit the other in any other business, financial, or other endeavor.

TO THE AFORESAID, WE, THE SIGNATORIES, AGREE:

_______________________ DATE: [illegible]

**Shaneel K. Jain, Managing Director**
Sagar Fossil Fuel Technologies Pvt. Ltd.
New Delhi, India

_______________________ DATE: 2/6/06

**James J. Roberts**
AmTransHealth, LLC
Wickford, Rhode Island - US

legal: #0011--02/06/06

**A TRUE COPY ATTEST**
Michele VonEisengrein
Private Process Server

Z-MEDICA *The greatest privilege is to make a difference.*

Date: March 31, 2006

From: Z-Medica Corporation
4 Fairfield Blvd.
Wallingford, CT 06492

RE: Agent Authorization

To Whom It May Concern:

This letter hereby authorizes:

James, J. Roberts
AmTrans Health, LLC
151 Duck Cove Road
Wickford, RI 02852-6219

to import QuikClot® Brand Hemostatic Agents into the country of India for sale to Sagar Fossil Fuel Technologies PVT. LTD.

Best Regards,

Robert V. Packard
Dir. Regulatory Affairs
bpackard@z-medica.com
Tel: +1-203-294-0000 x262
Fax: +1-203-294-0688

Melinda M. Polson

MELINDA M. POLSON
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2006

A TRUE COPY ATTEST

Michele VonEisengrein
Private Process Server

[redacted]

**Jim Roberts**

**From:** "Jeff Horn" <JHorn@z-medica.com>
**To:** <nair_ksathyanathan@yahoo.com.au>
**Cc:** "Bob Packard" <bpackard@z-medica.com>
**Sent:** Tuesday, September 05, 2006 8:30 AM
**Subject:** confirmation

To whom it concerns at POLICE HEADQUARTER'S CHHATTISGARH, RAIPUR NO./PHQ/D.I.G.

I am in receipt of your email to Mr. Robert V Packard, Z-Media's Quality Assurance Manager Z-Medica Corporation 4 Fairfield Boulevard Wallingford, Connecticut, 06492 U.S.A Sub:- ABSORBENT HAEMOSTATIC AGENT(QUICKCLOT)

Sagar Fossil Fuel Technology Private limited, New Delhi has correctly represented the information before the office of Director General of Police Chhattisgarh. They are principal representative of Z-Medica corporation U.S.A., in India.

I am Mr Jeffrey Horn an Officer of Z-Medica Corporation, U.S.A. and I duly authorized them to present QuikClot haemostatic agent for the Military/Defence and Law Enforcement/ Security Markets of India.

I thusly confirm here that the information given by Mr. Shaneel K Jain for Sagar Fossil Fuel Technologies Pvt.Ltd. is correct.

Regards,

Jeffrey Horn, PE

Z-Medica Corporation
4 Fairfield Blvd
Wallingford, CT 06492
203 294 0000 X260
www.z-medica.com

STATEMENT OF CONFIDENTIALITY & DISCLAIMER

The information contained in this e-mail message is confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone 203-294-0000 or reply by e-mail and delete or discard the message. Thank you.

A TRUE COPY ATTEST
Michele VonEisengrein
Private Process Server

**Jim Roberts**

**From:** "Bob Packard" <bpackard@z-medica.com>
**To:** <shaneeljain@hotmail.com>; <shaneeljain@yahoo.com>
**Cc:** "Ray Huey" <RHuey@z-medica.com>; "Jeff Horn" <JHorn@z-medica.com>
**Sent:** Wednesday, December 20, 2006 7:46 PM
**Attach:** Section A.pdf
**Subject:** RE: India Registration Application Package - Section A

---

**From:** Bob Packard
**Sent:** Wednesday, December 20, 2006 7:46 PM
**To:** 'shaneeljain@hotmail.com'; 'shaneeljain@yahoo.com'
**Cc:** Ray Huey; Jeff Horn
**Subject:** India Registration Application Package

Dear Shaneel,

Enclosed with this email are the following documents combined into a PDF:
1. Table of Contents
2. Application Form 40
3. Receipt of Electronic Transfer of Funds
4. Cover Letter to Registration Package

I will also be sending 6 other emails. Each email will contain one of the sections to the application—all PDF documents.

If any of the files is too large for you to receive, please let me know and I will break down the file into smaller segments. I am sending a binder with the original hard copy of all documents to the DCGI in India directly. The DHL Express waybill number is: 8952880296.

Best Regards,

Bob Packard
Director of Regulatory Affairs
Z-Medica Corporation
4 Fairfield Blvd.
Wallingford, CT 06492
bpackard@z-medica.com
Tel: (203) 294-0000 ext. 262
Fax: (203) 294-0688
Mobile: (203) 535-6246 or (860) 305-0210

A TRUE COPY ATTEST
Michele VonEisengrein
Private Process Server

STATEMENT OF CONFIDENTIALITY & DISCLAIMER

The information contained in this e-mail message is confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone 203-294-0000 or reply by e-mail and delete or discard the message. Thank you.

Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Z-Medica Corporation for any loss or damage arising in any way from its use.

Major General B S Dhillon , VSM (Ret'd)
Chaiman
Sagar Fossil Fuel Technologies Pvt Ltd
New Delhi, India

Mr. Jeffrey Horn
Vice President, International Sales & Business Development
Z-Medica Corporation
4 Fairfield Blvd
Wallingford, CT 06492

January 23, 2007

Dear Mr. Horn:

The Board of Sagar Fossil Fuel Technologies Pvt Ltd has determined by unanimous vote that the proposed agreement submitted by Z-Medica is detrimental not only to Sagar Fossil Fuel's corporate interests but also to the interests of its share holders.

The Board's determination was based, in part, on a legal opinion provided by Sagar Fossil Fuel Technologies Pvt Ltd's legal counsel, M/s **Chawla & Associates** Managing Partner, Mr. Ravi Chawla (Advocate). Said opinion is enclosed herein.

In reaching its decision, however, the Board of Sagar Fossil Fuel Technologies Pvt Ltd has taken cognizance of the fact that committing to proposed minimum quantities of ZM product to be lifted by Sagar Fossil Fuel Technologies Pvt Ltd from Z-Medica per year may serve to strengthen and stabilize both entities.

The Board, therefore, will consider this matter after completion of the Drugs Controller General of India (DCGI) registration process and notification of DCGI approval. Recommendations for said "minimum amounts" will be presented to the Board for approval after having been arrived at via mutual deliberations between Sagar Fossil Fuel Technologies Pvt Ltd management and ZM management.

Further, the Board has advised / directed the Managing Director to maintain status quo and continue with best efforts towards marketing and improving national awareness and sales of QuikClot, keeping in view the business interests of Sagar Fossil Fuel Technologies Pvt Ltd.

In closing we look forward to a mutually prosperous 2007.

Sincerely yours,

Major General B S Dhillon, VSM

CC: Board, RP&B, SKJ, JJR, Niki Kantawala, Ravi Chawla, file

Shaneel K Jain
Managing Director
Sagar Fossil Fuel Technologies Pvt. Ltd
New Delhi India
shaneeljain@yahoo.com
Phone: 91-11-26675536 Fax: 91-11-26675537
Mob:91-93120-89190, 91-98103-36960

A TRUE COPY ATTEST
Michele VonEisengrein
Private Process Server

A TRUE COPY ATTEST
PROCESS SERVER

# **AmTrans Health LLC** -- PURCHASE ORDER --

151 Duck Cove Road
Wickford, RI 02852-6219
www.AmTransHealthLLC.com

**ATTN:** **Jeff Horn, COO**
**Z-Medica**
**4 Fairfield Blvd.**
**Wallingford, CT 06492 USA**

**Date:** April 9, 2007

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|
| *213* | 90 days credit | 7/10/07 | Tues. 4/10/07 | See "Remarks" |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| 0005 | QuikClot powder (Mineral clotting agent) in Olive Green packets, 3.5 oz. with 3.5 year expiry date. | 10,000 | 10.50 ea. | 105,000.00 |

| | | |
|---|---|---|
| **Remarks:** 3.5 year product expiry date labeling and shipment pickup date of Tuesday, April 10, 2007 -- before 5 p.m. at Z-Medica loading dock, Wallingford, CT -- per Mr. Jeff Horn, COO. **JC** | **Subtotal** | 105,000.00 |
| | **Shipping & Insurance** | n/a |
| | **Paid to date** | |
| | **Total Bal. Due** | 105,000.00 USD |