**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMTRANS HEALTH, LLC and SAGAR FOSSIL FUEL TECHNOLOGIES PVT. LTD | : | CIVIL NO. 08cv0044(ML) |
| Plaintiffs, | : | |
| V. | : | |
| Z-MEDICA CORPORATION, | : | |
| Defendant. | : | |
| | : | March 5, 2008 |

**DEFENDANT Z-MEDICA CORPORATION'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Z-Medica Corporation ("Z-Medica") moves to dismiss this action for lack of personal jurisdiction. The Court lacks personal jurisdiction over Z-Medica because Z-Medica is a Connecticut corporation without sufficient minimum contacts with Rhode Island to be subject to either general or specific personal jurisdiction in Rhode Island. Plaintiffs' conclusory allegation that Z-Medica "is subject to jurisdiction in Rhode Island without limitation based on its minimum contacts with the forum" is not sufficient to establish the Court's personal jurisdiction over Z-Medica. Accordingly, Z-Medica respectfully requests that the Court dismiss this action for lack of personal jurisdiction.

## I. PROCEDURAL HISTORY

On January 18, 2008, Plaintiffs AmTrans Health, LLC ("AmTrans") and Sagar Fossil Fuel Technologies Pvt. Ltd ("Sagar") filed this action in Rhode Island Superior Court, Providence County against Z-Medica. Z-Medica is a Connecticut corporation with a principal place of business in Wallingford, Connecticut. Affidavit of Raymond J. Huey ("Aff.") ¶2, attached hereto. Z-Medica manufactures and markets life-saving medical products, including QuikClot® brand hemostatic agents and other blood clotting medical products. *Id.* ¶4. On February 6, 2008, Z-Medica removed this action to the United States District Court, District of Rhode Island pursuant to 28 U.S.C. §§ 1441(a) and 1446. *See* Doc. No. 1. Z-Medica based its removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a). *Id.*

## II. RELEVANT FACTUAL ALLEGATIONS

Plaintiffs' allege that the suit arises out of Plaintiff Sagar and Plaintiff AmTrans's efforts *in India* to "actively market, promote and secure orders for Z-Medica's QuikClot® brand hemostatic agents and other blood clotting medical products . . ." Verified Complaint and Demand for Jury Trial, Exhibit A to Notice of Removal (Doc No.1) ("Compl.") ¶ 4.[1] In the Complaint, an Indian company, Sagar, and a Rhode Island company, AmTrans, attempt to haul a Connecticut company, Z-Medica, into court in Rhode Island without a sound basis for personal jurisdiction.

The Complaint does not contain any allegations that link Z-Medica to Rhode Island other than to allege in a conclusory manner that Z-Medica "is subject to jurisdiction in Rhode Island

---

[1] The Complaint contains the following causes action against Z-Medica: (1) breach of contract; (2) third party beneficiary; (3) promissory estoppel; (4) quantum meruit; (5) intentional interference with prospective contractual relations; (6) misrepresentation; (7) breach of contract – nonconforming goods; (8) accounting – sales; and (9) declaratory judgment. Compl. at 5-9.

without limititation based on its minimum contacts with the forum." Compl. ¶ 4. The Complaint acknowledges that Z-Medica is a corporation "duly organized and existing under the laws of the State of Connecticut with its principal place of business in Wallingford, Connecticut." *Id.* ¶ 3. The Complaint alleges that in March 2006, Z-Medica "authorized AmTrans to export QuikClot® brand hemostatic agents and other hemostatic agents to Sagar *in the country of India*." *Id.* ¶16 (emphasis added). Even assuming these facts are true, Plaintiffs have not alleged facts that would create a jurisdictional basis for this action in Rhode Island.

## II. MOTION TO DISMISS STANDARD

Plaintiffs have the burden of making "a prima facie showing to withstand a challenge to personal jurisdiction." *Scarlatelli v. Swarovski N. Am. Ltd.,* 2006 WL 2474862, at *2 (D.R.I. Aug. 5, 2006) (citing *Barrett v. Lombardi,* 239 F.3d 23, 26 (1st Cir. 2001)) (citations omitted). Plaintiffs cannot satisfy their burden by merely making the conclusory statement that Z-Medica "is subject to jurisdiction in Rhode Island without limitation based on its minimum contacts with the forum." Comp. ¶4. To establish personal jurisdiction, Plaintiffs "cannot rest upon mere averments, but must adduce competent evidence of specific facts" *Barrett v. Lombardi*, 239 F.3d 23, 26 (1st Cir. 2001).

Z-Medica is subject to the Court's personal jurisdiction only if Z-Medica has certain minimum contacts with Rhode Island "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citations omitted). It is "essential that there be some act by which" Z-Medica "purposefully availed" itself "of the privilege of conducting activities within the forum state, thus invoking its benefits and protections." *Sawtelle v. Farrell,* 70 F.3d 1381, 1391 (1st Cir. 1995) (quoted in *Sostre*

*v. Leslie*, 2008 WL 239527, at *3 (D.R.I. Jan. 28, 2008)). Z-Medica has not purposefully availed itself of the privilege of conducting activities in Rhode Island so as to invoke the benefits and protections of Rhode Island, and Plaintiffs have not alleged anything to the contrary.

For purposes of the minimum contacts analysis, courts acknowledge two types of jurisdiction: (1) specific; and (2) general. *Id.* Specific jurisdiction exists "where plaintiff's claims 'arise out' of or are 'directly related' to defendant's contacts with the forum state . . . ." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, n. 8 (1984)). General jurisdiction exists only "when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in *continuous and systematic* activity, unrelated to the suit, in the forum state." *Id.* (quoting *United Elec. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1088 (1st Cir.1992)) (emphasis added). As set forth below, Plaintiffs have not – and cannot – provide the Court with a basis for either specific or general personal jurisdiction.

## III. ARGUMENT

### A. The Court Lacks Specific Jurisdiction Over Z-Medica.

Plaintiffs have not met their burden of alleging facts that demonstrate Plaintiffs' minimum contacts with Rhode Island. Because Plaintiffs' claims do not arise out of and are not directly related to contacts with Rhode Island, the Court lacks specific personal jurisdiction over Z-Medica and should dismiss this action. *See Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 463 (1st Cir. 1990). To determine whether a court has specific personal jurisdiction over a defendant, the court must conduct a two-step analysis. First, the court must examine the long-arm statute of the state in which the court sits to determine whether the long-arm statute provides the court with jurisdiction.

*Sostre*, 2008 WL 239527, at *3. Second, "the plaintiff must . . . show sufficient minimum contacts such that 'the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution.'" *Id.* (quoting *LaVallee v. Parrot-Ice Drink Prod. of Am ., Inc.,* 193 F. Supp. 2d 296, 302 (D. Mass. 2002) (internal citations and quotations omitted)).

Rhode Island's long-arm statute, R.I. Gen. Laws § 9-5-33,[2] provides Rhode Island courts with jurisdiction "coextensive with the outermost limits of the Due Process Clause." *Donatelli*, 893 F.2d at 461. Accordingly, courts within the District of Rhode Island analyze personal jurisdiction only in terms of whether the assertion of personal jurisdiction comports with the requirements of the U.S. Constitution's Due Process Clause. The First Circuit Court of Appeals applies the following three-part test in assessing whether the assertion of specific personal jurisdiction meets Due Process standards:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.,* 960 F. 2d 1080, 1089 (1st Cir. 1992) (quoted in *Sostre*, 2008 WL 239527, at *3. Plaintiffs must therefore meet all three prongs

---

[2] The Rhode Island long arm statute provides, in relevant part:

> Every foreign corporation . . . that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island . . . in every case not contrary to the provisions of the constitution or laws of the United States.

R.I. Gen. Laws § 9-5-33.

of this test to establish jurisdiction over Z-Medica: (1) relatedness; (2) purposefulness; and (3) reasonableness. *Sostre*, 2008 WL 239527, at *3. Plaintiffs, however, fail to establish all three prongs.

**1. Relatedness: The Court Lacks Personal Jurisdiction over Z-Medica Because the Complaint Fails to Allege that Z-Medica Engaged in Specific Contacts with Rhode Island Related to Plaintiffs.**

Plaintiffs have not included *any* allegations in the Complaint that allege that Z-Medica engaged in activities in Rhode Island related to its business relationship with Plaintiffs. Plaintiffs allege that a contract existed between Z-Medica and Plaintiffs, however, "the mere existence of a contractual relationship between an out-of state defendant and an in-state plaintiff does not suffice, in and of itself, to establish jurisdiction in the plaintiff's home state." *Phillips Exeter Acad. v. Howard Phillips Fund,* 196 F.3d 284, 292 (1st Cir.1999). Furthermore, there is no causal nexus between Z-Medica's limited contacts with Rhode Island and Plaintiffs' causes of action. As set forth in Mr. Huey's Affidavit, in connection with Z-Medica's business relationship with Plaintiffs, Z-Medica *never* shipped or delivered any products to Rhode Island. Aff. ¶8. Accordingly, Plaintiffs cannot meet the relatedness prong. *See Sostre*, 2008 WL 239527, at *5 (granting motion to dismiss for lack of personal jurisdiction).

**2. Purposeful Availment: The Court Lacks Personal Jurisdiction Over Z-Medica Because Z-Medica has not Purposefully Availed Itself of the Privilege of Conducting Business in Rhode Island Related to Plaintiffs.**

Plaintiffs also fail to allege that Z-Medica's contacts with Rhode Island "represent a purposeful availment of the privilege of conducting activities in [Rhode Island]." *Sawtelle*, 70 F.3d at 1389 (1st Cir. 1995); *see also Sostre*, 2008 WL 239527, at *5. Under the second prong of the Due

Process analysis, the Court considers if a defendant has "engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just, or reasonable." *Sawtelle,* 70 F.3d at 1391 (*quoting Rush v. Savchuk,* 444 U.S. 320, 329 (1980)). The mere fact that Z-Medica entered into a business relationship with a Rhode Island company does not establish that jurisdiction is proper in Rhode Island. "To demonstrate purposeful availment . . . *the mere fact that the defendant[s] willingly entered into a tendered relationship* [in the forum state] *does not carry the day.*'" *PFIP, LLC v. Planet Fitness Enter., Inc.,* 2004 WL 2538489, at *7 (D.N.H. Nov. 10, 2004) (quoting *Phillips Exeter Acad. v. Howard Phillips Fund,* 196 F.3d 284, 292 (1st Cir.1999)).

Furthermore, Z-Medica could not have foreseen that it would be brought into Rhode Island court as a result of its relationship with AmTrans and Sagar. The alleged purpose of the relationship was to market and sell products *in India*. Comp. ¶ 16. Z-Medica did not ship products to AmTrans or Sagar in Rhode Island. Aff. ¶8. Although Z-Medica did make a brief visit to Rhode Island for a trade show and during that visit met with an AmTrans representative, Aff. ¶13, Z-Medica could not have foreseen that this one brief visit to Rhode Island would subject Z-Medica to Rhode Island jurisdiction. *See Microfibres, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 320 (D.R.I. 1998) (holding company headquartered in North Carolina did not have continuous and systematic contact with Rhode Island even though company representative visited Rhode Island *three times*); *see also Sostre*, 2008 WL 239527, at *5 - 6 (holding "defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'")

**3. Gestalt Factors: The Exercise of Specific Jurisdiction Over Z-Medica Would Not Be Reasonable.**

Because Plaintiffs have failed to meet their burden of establishing relatedness and purposeful availment, the Court need not proceed any further with its specific jurisdictional analysis. Even if the Court were to proceed, the Court would still conclude that jurisdiction is improper in Rhode Island because exercising jurisdiction over Z-Medica is not reasonable. To determine reasonableness, courts look to the Gestalt factors which include: (1) the burden on defendants of appearing; (2) the forum state's interest in litigating the dispute; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in effective resolution; and (5) the state's interest in promoting substantive social policies. *Sostre*, 2008 WL 239527, at *6. Here, application of the Gestalt factors would "tip the balance against exercising jurisdiction." *Nowak v. Tak How Investments, LTD*, 94 F.3d 708, 717 (1st Cir. 1996); *see also Phillips Exeter Acad. v. Howard Phillips Fund,* 196 F.3d 284, 292 (1st Cir. 1999) (relative strength or weakness of Plaintiff's showing on first two elements bears upon third element).

Overall, the five Gestalt factors show that exercising jurisdiction in Rhode Island over Z-Medica would be unreasonable. First, defending a suit in Rhode Island would place a burden on Z-Medica because it is a Connecticut corporation, its primary place of business is Connecticut, and it has no base of business in Rhode Island. Aff. ¶¶ 2, 5. *See also PFIP, LLC v. Planet Fitness Enter., Inc.,* 2004 WL 2538489, at *24 (D.N.H. Nov. 10, 2004). Second, Rhode Island's only interest in having this dispute adjudicated in Rhode is that AmTrans is a Rhode Island corporation. In fact, the dispute arises out of sales of product *to India*, Compl. ¶16, Z-Medica never shipped products to

AmTrans or Sagar in Rhode Island, Aff. ¶8, and none of the Z-Medica products sold to AmTrans or Sagar were used in Rhode Island. *Id.* ¶7. Third, while it is admittedly more convenient for Plaintiff AmTrans to litigate its claims in Rhode Island, Plaintiff Sagar is an Indian company with no alleged interest in Rhode Island. Fourth, the Complaint does not allege that the alleged contract between the parties was formed in Rhode Island. Even if the Court were to exercise jurisdiction over the Complaint's contract claims, it cannot exercise jurisdiction over the Complaint's tort claims because Z-Medica did not commit any torts in Rhode Island. *See Pritzker v. Yari*, 42 F.3d 53, 64 (1st Cir. 1994). Fifth, because Z-Medica is a Connecticut corporation, Rhode Island *and Connecticut* have interests in promoting substantive social policies to protect their businesses from unfair practices of out-of-state businesses and to provide a forum for litigation of such matters. *See Id.*

Most importantly, were the Court to exercise jurisdiction over Z-Medica, it would violate Z-Medica's Due Process rights under the Fourteenth Amendment to the United States Constitution. Z-Medica, as a non-resident defendant, does not have minimum contacts with Rhode Island and "requir[ing] the defendant to defend its interests" in Rhode Island "offend[s] traditional notions of fair play and substantial justice." *N. Laminate Sales, Inc. v. Davis,* 403 F.3d 14 (1st Cir. 1005).

**B. The Court Lacks General Jurisdiction Over Z-Medica.**

Plaintiffs have also failed to allege facts that would give the Court general jurisdiction over Z-Medica. The Complaint does not allege that Z-Medica has any contacts with Rhode Island that are "continuous and systematic" so as to provide the Court with general jurisdiction over Z-Medica. *See Harlow v. Children's Hosp.,* 432 F.3d 50, 64 (1st Cir.2005). The "continuous and systematic requirement has been characterized as being satisfied when the defendant's forum contacts are

*extensive and pervasive*." *Barry v. Mortgage Servicing Acquisition Corp.,* 909 F. Supp. 65, 75 (D.R.I.1995) (quoted in *Sostre*, 2008 WL 239527, at *7) (emphasis added); *see also Microfibres, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 320 (D.R.I. 1998) (noting "[s]ubstantial contacts alone are not enough."). Here, not only does the Complaint fail to allege continuous and systematic activity by Z-Medica in Rhode Island, Z-Medica has submitted an affidavit that shows that its activities in Rhode Island are sporadic and limited. *See* Aff.

As set forth above, Z-Medica is a Connecticut corporation with its principal place of business in Wallingford, Connecticut. Aff. ¶2. Z-Medica does not maintain a place of business, office, or facility in Rhode Island. *Id.* ¶5. It has no address, telephone numbers, or bank accounts in Rhode Island. Z-Medica does not have an agent for service of process in Rhode Island. *Id.* Accordingly, the Complaint has not and cannot "allege any of the traditional contacts that would support a finding of general jurisdiction." *Id.*

Moreover, Z-Medica has "no meaningful presence in, or contacts with, Rhode Island." *Donatelli*, 893 F.2d at 470 (1st Cir. 1990). In Z-Medica's six years of business, Z-Medica has only made a total of one shipment of QuickClot® products to Rhode Island and four shipments via non-Rhode Island distributors to Rhode Island. Aff. ¶¶ 10-12. The shipment to Rhode Island was to Camp Varnum, which is property of the United States government. Aff. ¶ 11. Notably, this one shipment to Rhode Island amounted to less than $643 worth of QuickClot® products, which is less than 0.1% of Z-Medica's total sales. *Id.* ¶¶ 10, 11. This one minimal shipment cannot constitute sufficient minimum contacts with Rhode Island. *See Terzano v. PFC,* 1997 F. Supp. 706 (D.C. P.R.

1997) (defendants sold products similar to products in question in the forum district; still this "scant evidence" did not establish that general jurisdiction existed over defendants in forum district).

As to the Z-Medica's four shipments via out-of-state distributors, Plaintiffs cannot use these shipments to establish jurisdiction in Rhode Island.[3] Even assuming Z-Medica knew that its product would eventually reach Rhode Island, this awareness is not sufficient to constitute minimum contacts between Z-Medica and Rhode Island. *See Rodriguez v. Fullerton Tires Corp*., 115 F. 3d 81, 85 (1st Cir. 1997)(noting "[e]ven assuming that [the defendant] had specific knowledge that the stream of commerce would move its [product] into [the forum state] . . . this awareness alone would not be enough to constitute the purposeful availment which is necessary for a showing of minimum contacts."); *Sawtelle v. Farrell*, 70 F.3d 1381, 1393 (1st Cir. 1995) (noting the First Circuit "has previously declined to adopt the "stream of commerce" theory of personal jurisdiction . . .").

Nor can a Z-Medica representative's one visit to Rhode Island for a trade show and incidental meeting with an AmTrans representative provide a basis for jurisdiction. According to a District Court in the District of Rhode Island, even *three* visits to Rhode Island are "relatively few and of a limited nature" and do not provide a basis for general jurisdiction over a defendant. *Microfibres, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 320 (D.R.I. 1998) (holding company headquartered in North Carolina did not have continuous and systematic contact with Rhode Island even though company representative visited Rhode Island *three times*). Accordingly, one visit to Rhode Island on the part of a Z-Medica representative and a single encounter with an AmTrans representative does not provide the Court with jurisdiction over Z-Medica. *Id.*

[3]In the spirit of full disclosure, the four shipments Z-Medica made to non-Rhode Island distributors, combined amounted to less than $638 worth of QuickClot® products, which is less than 0.1% of Z-Medica's total sales. *See* Aff. ¶¶10-12.

## IV. CONCLUSION

For the reasons set forth above, Defendant Z-Medica Corporation respectfully requests that the Court dismiss this action for lack of personal jurisdiction. Plaintiffs' have failed to allege facts that establish that the Court can maintain either specific or general jurisdiction over Z-Medica.

Respectfully Submitted,

DEFENDANT
Z-MEDICA CORPORATION

By_____/s/ Dana M. Horton___

Dana M. Horton, RI Bar No. 6251
dhorton@rc.com
Craig A. Raabe, *pro hac vice*
craabe@rc.com
Nuala E. Droney, *pro hac vice*
ndroney@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

**CERTIFICATION**

This is to certify that on the 5th day of March 2008, a copy of the foregoing DEFENDANT Z-MEDICA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Dana M. Horton
Dana M. Horton