**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**AMTRANS HEALTH, LLC and**
**SAGAR FOSSIL FUEL**
**TECHNOLOGIES PVT. LTD**
**Plaintiffs**

**CIVIL NO. 08-cv0044(ML)**

**v.**

**Z-MEDICA CORPORATION**
**Defendant**

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTION TO MOTION TO DISMISS

### Introduction

In *Hainey et al v. World Am Communications, Inc., et al,* 263 F Supp 2d 338, 343 (D.R.I. 2003) R.I., Judge Smith wrote, "... a plaintiff's chance of forum is traditionally entitled to deference..."

Z-Medica manufactures Quick clot, a blood clotting agent. It engaged Plaintiffs to market, sell and distribute its product in India. Z-Medica generated substantial activity on its behalf in this jurisdiction. Moreover, Z-Medica is no stranger to Rhode Island and should be amenable to suit here.

**Jurisdiction lies in Rhode Island**

Defendant has fairly stated and re-stated the applicable Rhode Island and Federal rules on long-term diversity jurisdiction. It is clear, however, that the determination is a fact intensive one, and Plaintiffs' Verified Complaint recites factors consistent with this Court's exercise of jurisdiction.

In March 2006, Z-Medica authorized AmTrans to export Quick Clot to Indian agents of Sagar (Plaintiffs' Verified Complaint, ¶ 16, Exhibit 2.)

Am Trans also purchased product from Z-Medica, (Plaintiffs' Verified Complaint, Paragraphs 16 and 32), which was shipped to, and stored in Rhode Island.

That prompted significant activity in Rhode Island on Z-Medica's behalf. (See Affidavit of James Roberts, attached hereto.)

According to Mr. Roberts, the interaction and communication between AmTrans (Rhode Island) and Z-Medica generated One Hundred Fifty-six (156) e-mails, eight (8) letters or invoices and forty (40) documented telephone calls. His Affidavit also recites the activity generated for Z-Medica. It is important to note that Defendant Z-Medica is not just one of a plethora of Plaintiffs' suppliers — Z-Medica is the *only* supplier. Product was shipped here for re-distribution. Thus, in light of the contacts it purposefully made in Rhode island, jurisdiction rests herein.

Moreover, Z-Medica's sales/distribution network has targeted Rhode Island. Plaintiff has found the attached advertisements, supported by Affidavit, that targeted Rhode Island.

In *Unicom, Inc., et al v. Harcros Pigments, Inc.*, 994 F.Supp. 24 (D.Me., 1998), the District Court found long-arm jurisdiction where the defendant had established a distribution

network that included distributors who targeted the forum state as part of their sales territories. [1]

Even Mr. Huey concedes a business trip to Rhode Island (by Jeffrey Horn, a Z-Medica representative). In *Hainey*, *supra*, the representative "dropped in (the forum) on a whim, and leaves to the imagination what he and Hainey discussed over chicken and a cigar." 264 F.Supp. 2d at 343. Judge Smith speculated that, " . . . it could just as probably have been the Red Sox and Yankees."

Here, Mr. Horn was at a trauma surgeons convention and discussed Z-Medica/AmTrans business with Plaintiffs' representative. (Affidavit of Raymond J. Huey, ¶ 13.)

Z-Medica would have the Court analyze each discrete contact with this forum, and conclude each insufficient to confer jurisdiction. However, the Court should view the facts and circumstances in aggregate. Then the Court would find that Plaintiffs have met their burden of showing minimum contacts with Rhode Island.

Specific and general jurisdiction can be found in Z-Medica's Rhode Island activities — either on its own or by advertising agents. It should not be surprised that AmTrans and Sagar would seek redress here.

A review of the Gestalt factors supports exercise of jurisdiction in Rhode Island.

There is no burden on Z-Medica appearing here. Wallingford, Connecticut is a mere 114 mile, two hour drive. (Source, <u>http//www.Mapquest.com</u>.) Z-Medica's home office is probably within FRCP 45's 100- mile limit for service of subpoenae. AmTrans has an interest in obtaining convenient and effective relief.

---

[1] The Court also relied on seventeen (17) shipments of goods to the forum state. Here there only are only one or two shipments.

Am Trans' principal, James Roberts, is a Rhode Island resident. Mr. Jain Sagar's principal maintains a residence here. For all its protestations, Z-Medica has been knock, knocking, knocking on Rhode Island's door — hiring AmTrans and Sagar, advertising, and shipping product.

Although Defendant **Z-MEDICA** has clearly engendered a lot of activity in Rhode Island on its behalf, Plaintiff has filed a Motion for Discovery directed at jurisdictional facts.

**Conclusion**

From the facts addressed thus far, it appears that Z-Medica has sufficient contacts with the State of Rhode island to confer jurisdiction upon this Honorable Court. Thus, Defendant's Motion to Dismiss should be denied.

After a determination of their Motion for Discovery, Plaintiffs respectfully request oral argument on their Objection.

AMTRANS HEALTH, LLC
By its attorney,

/s/ Gerard M. DeCelles
Gerard M. DeCelles (#1394)
1536 Westminster Street
Providence, RI 02909
Tel. (401) 272-8998
Fax (401) 272-4907

Dated: April 30, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2008, the foregoing was filed electronically with the Clerk of Court and served upon opposing counsel by operation of the Court's electronic filing system.

Gerard M. DeCelles