**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMTRANS HEALTH, LLC and SAGAR FOSSIL FUEL TECHNOLOGIES PVT. LTD. | : | |
| v. | : | C.A. No.: 08cv0044(ML) |
| Z-MEDICA CORPORATION, alias | : | |

**PLAINTIFFS' FIRST SET OF SPECIAL INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, AmTrans Health, LLC and Sagar Fossil Fuel Technologies Pvt. Ltd. (collectively, "Plaintiffs") hereby propound the following Interrogatories to Z-MEDICA Corporation (hereafter, "Defendant"), to be answered separately and fully in writing, in accordance with the following definitions and instructions and under Oath, within thirty (30) days after certification of service hereof, and to be delivered to the law offices of Benik & Associates P.C., 931 Jefferson Blvd., Ste. 2008, Warwick, RI 02886.

DEFINITIONS

For the purpose of these Interrogatories and answers thereto, the following definitions apply:

A. "Document" has the same meaning as used in Rule 34(a) of the Federal Rules of Civil Procedure, and shall be construed to include all writing of any kind whatsoever and in any medium, however recorded or reproduced, including originals and non-identical copies and including duplicates, drafts, translations, and other preliminary materials that are different in any way from the executed final document, regardless of whether designated "confidential," "privileged," or otherwise protected, wherever located, as made discoverable under Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, the following: accounting

ledgers; accounts payable records; accounts receivable records; acknowledgments; advertisements; affidavits; agreements; analyses; assignments; balance sheets; bills; booklets; hooks; books of account; brochures; bulletins; calendars; catalogs; CD-ROMs; charts; checks; circulars; communications received or sent; compilations; computer cards; computer disks; computer files; computer-generated matter; computer tapes; contracts; correspondence; data processing cards; data reports; diaries; digitally-created matter; *drafts;* drawings; electronic data processing cards; electronic or computer media; e-mails; facsimile transmissions; files; financial and statistical data; financial statements; floppy disks; graphic materials; graphs; information stored or backed-up on a computer disk, computer hard drive, server hardware, magnetic tape, and/or any other method; instructions; inventory records; invoices; journals; indices; interviews; ledgers; letters (sent or received); licenses; lists; magazines; mailings; mechanical recordings; memo pads; memoranda; microfiche; microfilm; minutes; motion pictures; notebooks; notes (handwritten or otherwise); orders; papers; periodicals; phone messages; photographic negatives; photographs; press releases; printed matter; printouts; publications; purchase orders; questionnaires; receipts; recordings; records; records of interoffice communications; reports; schedules; statements; statistical compilations; studies; summaries; surveys; tables; tabulations; tape recordings; telegrams; telexes; transcripts of testimony; videotapes; voice-mails; vouchers; wire recordings; work papers; worksheets; and written records or recordings of any conferences, meetings, visits, interviews, or telephone conversations. Any copy containing thereon, or having attached thereto, any alterations, notes, comments, or other materials shall be deemed a separate document from the original or any other copy not containing such materials.

B. "Person" means the plural as well as the singular and includes any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or

public entity, department, agency, office, or any other form of legal entity.

C. "Z-MEDICA" means Defendant Z-MEDICA Corporation, and its present and former agents, attorneys, officers, directors, employees, and all other persons acting or purporting to act on its behalf.

D. "You" or "your" means Defendant Z-MEDICA Corporation, and its present and former agents, attorneys, officers, directors, employees, and all other persons acting or purporting to act on its behalf

E. To "identify" a document (as hereinabove defined) or any other thing means: to state its type (i.e., letter, memorandum, periodical, chart, etc.) or otherwise describe it, and to supply the following information with respect thereto, where applicable: (1) the name of the person who prepared it; (2) the name of the person who signed it or in whose name it was issued; (3) the name of each person to whom it was addressed or distributed; (4) the nature and substance of the writing, with sufficient particularity to enable it to be identified; (5) its date, and if it bears no date, its approximate date; (6) its physical location, the name and address of its custodian or custodians, and when it came into your possession or control, if such is the case; and (7) if any such document was, but is no longer in your possession, or subject to your control, "identify" includes a description of what disposition was made of it and the identity of the person who presently has custody of it.

F. To "identify" a communication means to state with respect thereto: (1) the identity of each person who participated in the communication and the name of each person who was present at the time it was made; (2) by whom each such person was employed and whom each such person represented or purported to represent in making such communication; (3) the date when such communication took place; (4) the place where such communication took place; (5)

what each person said, or, if not known, the substance thereof; and (6) the identification of each document pertaining to such communication.

G. To "identify" a place, geographic area, or location means to state the number, street, municipality, and state (if outside the United States, the province and county) wherein such place or geographical area is located.

H. "Communication," unless otherwise modified, means both oral communications and communication by document.

I. To "describe," "describe in detail," "state," or "state in detail," means to relate as completely as possible each and every fact, act, omission, incident, event, condition, circumstance, or thing relating directly or indirectly to the subject matter of the description, including all pertinent dates, and without limiting the foregoing, to: (1) identify all documents directly or indirectly related thereto; (2) identify all communications directly or indirectly related thereto; (3) identify all persons directly or indirectly related thereto; and (4) identify all locations applicable to any events, incidents, conditions, circumstances, or things directly or indirectly related thereto.

J. "Date" means the exact day, month, and year, if ascertainable, or if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

## INSTRUCTIONS

For the purposes of these Interrogatories and answers thereto, the following instructions apply:

A. In answering these Interrogatories, furnish all information available to you, including information in the possession of your attorneys, investigators, agents, officers, directors,

employees, and all other persons acting or purporting to act on your behalf, and not merely such information known of personal knowledge. Each Interrogatory and each subsection of each Interrogatory is to be fully and separately answered in accordance with the duties set forth in the Federal Rules of Civil Procedure. As to any Interrogatory for which an exact, complete, and entirely accurate answer cannot be made at this time, after having made reasonable efforts to provide the information, so state and: (1) give the reason why a further response cannot be made at this time; (2) give as complete and precise an answer as is possible; (3) specify the portion of each Interrogatory that cannot be answered fully and completely; (4) state what efforts were made to obtain the requested information; and (5) state the facts that support the contention that the Interrogatory cannot be answered fully and completely at this time.

B. These interrogatories shall be deemed to be continuing so as to require supplemental answers from time to time if you obtain further information after the date that the answers are served.

C. If you use any document (as hereinabove defined) in preparing the answers to these Interrogatories, include as part of each answer for which such document was used, the document's date, author, or originator, title, subject matter, any other characteristics necessary to identify the document and the present location or custodian of the original or any non-identical copy. If the present location or custodian of the original or any non-identical copy is unknown, state the present location or custodian of any identical copy of such original or non-identical copy.

D. In answering these Interrogatories, any document or communication required to be identified or described may, at your option, be produced for inspection and copying on the day these answers are due. Such documents are to be produced at the law offices of Benik &

Associates P.C., 931 Jefferson Blvd., Ste. 2008, Warwick, RI 02886.

E. If any information or document is withheld on the asserted grounds that it is subject to a claim of privilege, confidentiality, or for any other reason: (1) state the reason for withholding the information or document, identify the privilege or rule upon which this claim is based, and set forth the facts upon which the claim is based in sufficient detail to permit the formation of a judgment as to the basis and validity of the claim; (2) identify the person(s) who have knowledge about the information or document being withheld; (3) identify, as to any document, the author, date; subject matter, number of pages, and each person who received a copy of the document (identification will not be considered a waiver of any claim of privilege or confidentiality); and (4) identify the present custodian of the document and present location.

F. For each requested document that was at one time, but is no longer in existence, identify the following: (1) the type of document; (2) the information contained therein; (3) the date upon which such document ceased to exist; (4) the circumstance under which it ceased to exist; (5) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (6) the identity of all persons having knowledge of its contents.

INTERROGATORIES

1. Did Defendant have any officer, director, employee, agent, representative, servant, or attorney (including a manufacturer's representative) present in the State of Rhode Island at any time from January 1, 2002 to the present? If the answer to this interrogatory is anything other than an unqualified "no," please:

a. identify each such person; and

b. describe, in detail, the conduct engaged in by each such person, including the date or dates of such conduct, the place or places of such conduct, and the nature of the services performed or conduct rendered for the Defendant during each such period.

2. Did Defendant do business in the State of Rhode Island at any time from January 1, 2002 to the present? If the answer to this interrogatory is anything other than an unqualified "no," please:

a. identify all persons who have knowledge or information concerning such business; and

b. state the date, nature, and dollar amount of each such items of business.

3. Did Defendant ship any merchandise, products, or other goods into the State of Rhode Island at any time from January 1, 2002 to the present? If the answer to this interrogatory is anything other than an unqualified "no," please:

a. identify all persons responsible for each such shipment; and

b. state the content of each shipment, the dollar value of each shipment, the origination point of each shipment, the destination point of each shipment, and the date of each shipment.

4. Did Defendant receive any shipment of merchandise, products, or other goods from the State of Rhode Island at any time from January 1, 2002 to the present? If the answer to this interrogatory is anything other than an unqualified "no," please:

a. identify all persons responsible for receiving each such shipment; and

b. state the content of each shipment, the dollar value of each shipment, the origination point of each shipment, the destination point of each shipment, and the date of each shipment.

5. Did any of Defendant's customers who received any of Defendant's merchandise, products, or other goods outside of the State of Rhode Island subsequently transfer any such

merchandise, products, or other goods into the State of Rhode Island? If the answer to this interrogatory is anything other than an unqualified "no," please:

a. identify all persons responsible for each such transfer; and

b. state the content of each transfer, the origination point of each transfer, the destination point of each transfer, the dollar value of each transfer, and the date of each transfer.

6. Did Defendant send, mail, e-mail or deliver any documents to any person located within the State of Rhode Island at any time from January 1, 2002 to the present? If the answer to this interrogatory is anything other than an unqualified "no," please:

a. identify the persons from whom and to whom each such document was sent;

b. state the date of each such mailing or delivery;

c. identify each person who has custody, control, or possession of each such document; and

d. identify each such document.

7. Did Defendant receive any documents, via any means of transmission, from any person located within the State of Rhode Island at any time from January 1, 2002 to the present? If the answer to this interrogatory is anything other than an unqualified "no," please:

a. identify the persons from whom and to whom each such document was sent;

b. state the date of each such mailing or delivery;

c. identify each person who has custody, control, or possession of each such document; and

d. identify each such document.

8. Did Defendant have a loan, letter of credit, line of credit, or other extension of credit, or form of indebtedness ("Loan") from a bank or other financial institution located in the State of Rhode Island at any time from 2002 to the present? If the answer to this interrogatory is anything other than an unqualified "no," as to each such Loan, please:

a. identify all persons responsible for the creation of said Loan;

b. state the name and address of each bank or financial institution which granted said Loan;

c. state the date or dates of each said Loan and its account number; and

d. state the amount of each said Loan and the repayment history for each quarter for the period 2002 to the present.

9. Did Defendant solicit any orders from any customers or potential customers located in the State of Rhode Island at any time from 2002 to the present? If the answer to this interrogatory is anything other than an unqualified "no," as to each such solicitation please:

a. identify each person making the solicitation;

b. identify each customer or potential customer solicited;

c. identify the method of solicitation and the date of solicitation;

d. state the nature of the business involved in said solicitation; and

e. state the results of each such solicitation.

10. Did Defendant at any time pay any tax or fee to any government or governmental department or agency located within the State of Rhode Island? If the answer to this interrogatory is anything other than an unqualified "no," as to each such tax or fee (i.e., real estate, personal property, sales, ad valorem, vehicle, etc.), please:

a. identify the type of tax or fee and amount of tax or fee per year for the last 10 years;

b. state the name and location *[street address, city, and county]* of the government or governmental department or agency to which each said tax or fee was paid;

c. state the date or dates on which each such tax or fee was paid; and

d. identify all persons who have knowledge or information concerning said tax or fee.

11. Has Defendant directly or indirectly sent or mailed, or caused to be sent or mailed, any brochures or other advertising materials to any party located within the State of Rhode Island, or placed advertisements in any newspapers, magazines, television stations, electronic mail or internet services, or other vehicles for advertisement, which advertisements have or might have been seen by persons in the State of Rhode Island? If the answer to this interrogatory is anything other than an unqualified "no," please:

a. describe each such advertisement, brochure, etc.;

b. identify the date and cost thereof;

c. identify the method, volume and location of circulation;

d. identify the potential and actual audiences thereof; and

e. identify any results therefrom.

12. Did Defendant directly or indirectly conduct negotiations for business transactions, investigations in preparation for business transactions or contract for product testing in the State of Rhode Island at any time from 2002 to the present? If the answer to this interrogatory is anything other than an unqualified "no," as to each such negotiation or investigation, please:

a. state the nature of the business involved in said negotiation, investigation or testing;

b. identify all persons involved; and

c. identify the dates, locations, and results.

13. Within the timeframe from and after 2002, specifically describe all products manufactured or produced for sale or distribution in the State of Rhode Island by Z-MEDICA and/or any of its affiliates, related or subsidiary entities. Without limiting the generality of the foregoing, specifically identify each said entity and the products produced, manufactured and/or distributed by each such entity.

14. State whether Z-MEDICA sales representatives provide in-service training to customers within the United States, including Rhode Island.

15. Specifically describe the marketing efforts of HEH Associates and/or any of its affiliates, related or subsidiary entities, which directly or indirectly resulted in advertising, sales representative materials, press releases or other forms of marketing that entered the State of Rhode Island.

SAGAR FOSSIL FUEL TECHNOLOGIES
PVT. LTD. and
AMTRANS HEALTH, LLC
By their attorneys,

______________________________

Gerard M. DeCelles (#1394)
Gregory L. Benik (#1515)
Richard W. Nicholson (#6245)
John B. Garry (#6318)
Benik & Associates, P.C.
931 Jefferson Boulevard, Ste. 2008
Warwick, RI 02886
Tel: (401) 454-0054
Fax: (401) 732-5054

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the _____ day of April, 2008, I caused a true copy of the within Interrogatories to be served by facsimile and first-class mail, postage pre-paid, to the following counsel of record:

Dana M. Horton, RI Bar No.6251
Robinson & Cole LLP
280 Trumbell Street
Hartford, CT 06103-3597
Tel: (860) 275-8200
Fax: (860) 275-8299

______________________________