**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMTRANS HEALTH, LLC and SAGAR FOSSIL FUEL TECHNOLOGIES PVT. LTD, | : | CIVIL NO. 08cv0044(ML) |
| Plaintiffs, | : | |
| V. | : | |
| Z-MEDICA CORPORATION, | : | |
| Defendant. | : | |
| | : | May 7, 2008 |

**DEFENDANT Z-MEDICA'S REPLY IN FURTHER**
**SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Z-Medica Corporation ("Z-Medica") submits this reply memorandum in response to Plaintiffs' Objection to Defendant's Motion to Dismiss (Doc. No. 14) and in support of Z-Medica's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 10). Plaintiffs have not established that personal jurisdiction over Z-Medica, a Connecticut corporation, is proper in Rhode Island. A plaintiff's choice of forum is only entitled to deference if it does not violate the defendant's Due Process rights under the Fourteenth Amendment of the United States Constitution. Here, Plaintiffs' choice of forum violates Z-Medica's Due Process rights.

## I. Neither Specific Nor General Personal Jurisdiction Exists Over Z-Medica in Rhode Island.

Contrary to Plaintiffs' assertion that "Z-Medica would have the Court analyze each discrete contact with the forum," Z-Medica asks that the Court recognize that: (1) specific jurisdiction does not exist because Plaintiffs' claims neither arise out of nor are directly related to Z-Medica's contacts with Rhode Island; and (2) general jurisdiction does not exist because Z-Medica's aggregate contacts with Rhode Island are neither "continuous and systematic" nor

"extensive and persuasive." *See Harlow v. Children's Hosp.*, 432 F.3d 50, 64 (1st Cir. 2005); *Microfibres, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 320 (D.R.I. 1998) (noting that "[s]ubstantial contacts alone are not enough"); *Fiske v. Sandvik Mining*, 2008 WL 618939, *6 -7 (D. Mass. 2008) (citing cases declining to find general jurisdiction).

## II. Plaintiffs' Affidavits Cannot Establish General Jurisdiction in Rhode Island.

Plaintiffs' affidavits do not establish general jurisdiction over Z-Medica. According to John B. Garry's affidavit, Z-Medica placed a QuikClot® advertisement in the *Navy Times*, a publication with a national and international circulation that includes Rhode Island. The *Navy Times* advertisement does not establish that Z-Medica purposefully availed itself of the rights and benefits of doing business in Rhode Island. A company's placement of advertisements in a publication distributed within a forum is not sufficient to provide the forum with general personal jurisdiction over the company. *See Pizarro v. Hoteles Concorde Int'l*, 907 F.2d 1256, 1260 (1st Cir. 1990) (no general jurisdiction despite defendant's "placing of nine advertisements in a newspaper distributed" in forum); *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 217 (1st Cir. 1984) (no general personal jurisdiction despite regular advertising in forum state); *Seymour v. Parke, Davis & Co.*, 423 F.2d 584, 585 (1st Cir. 1970) (no general jurisdiction even though "defendant advertises in the state by mail and otherwise").

John Vernancio's affidavit also does not establish general jurisdiction over Z-Medica. According to his affidavit, a catalogue that included a QuikClot® advertisement was sent to Rhode Island. Moore Medical, an independent distributor of QuikClot® headquartered in Connecticut, sent the catalogue. Moore Medical's independent decision to send a QuikClot® advertisement to Rhode Island does not demonstrate that Z-Medica systematically and purposefully availed itself of the benefits of Rhode Island. Indeed, Vernancio's affidavit does

not demonstrate "conduct of the defendant . . . indicat[ing] an intent or purpose to serve the market in the forum state." *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102, 112 (1987) (providing general jurisdiction standard). Moore Medical's decision to send the catalogue to Rhode Island cannot be imputed to Z-Medica.

Plaintiffs have not offered evidence that Z-Medica was aware that Moore Medical had sent a catalogue to Rhode Island. Even if Plaintiffs had offered such evidence, Z-Medica's "specific knowledge that the stream of commerce" would move QuikClot® into Rhode Island through Moore Medical would not "constitute the purposeful availment which is necessary for a showing of minimum contacts." *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 85 (1st Cir. 1997). Plaintiffs also have not offered evidence that Moore Medical sold QuikClot® in Rhode Island. Even if Plaintiffs had offered such evidence those sales would not provide a basis for jurisdiction. "[S]ales by an independent distributor," such as Moore Medical, "do not count as 'contacts' of the manufacturer . . ." *Cambridge Literary Prop., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.,* 295 F.3d 59, 64 (1st Cir. 2002); *see also Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671 (1st Cir. 1992) (no personal jurisdiction where defendant sold product to mail order company that in turn sold product through mail to plaintiff in forum).

John Roberts's affidavit focuses on the actions that *AmTrans*, not Z-Medica, took in Rhode Island. *See e.g,* Roberts Aff. ¶ 5 ("communications between AmTrans and Sagar are generated in Rhode Island"); ¶ 6 (detailing activities *by AmTrans* in Rhode Island). Roberts's affidavit does not demonstrate conduct by Z-Medica "indicat[ing] an intent or purpose to serve the market in the forum state." *Asahi*, 480 U.S. at 112. As set forth above, the actions of Plaintiff AmTrans, an independently owned and operated company, in Rhode Island cannot be imputed to Defendant Z-Medica. *See Cambridge*, 295 F.3d at 64.

## III. The Cases Plaintiffs Cite Support Z-Medica's Motion to Dismiss.

Plaintiffs cite two cases in opposition to Z-Medica's motion to dismiss. Both cases support dismissal of Plaintiffs' action. First, in *Unicomp, Inc. v. Harcros Pigments, Inc.*, 994 F. Supp. 24 (D. Me. 1998), the court held that it had specific jurisdiction over a manufacturer based upon the manufacturer's specific contacts with the forum. The manufacturer had "directed *seventeen* shipments to Plaintiffs in Maine over the course of *five years*." *Id.* at 28 (emphasis added). In sharp contrast, Z-Medica never shipped or delivered products to AmTrans or Sagar in Rhode Island. *See* Huey Aff. ¶ 8. Z-Medica never sold products to Plaintiffs with the expectation that the products would be used in Rhode Island. *Id.* ¶ 6. All of the products Z-Medica sold to Plaintiffs were for use *in India*. *Id.* Accordingly, specific jurisdiction does not exist over Z-Medica in Rhode Island.

Second, Plaintiffs cite *Hainey v. World AM Communications, Inc.*, 263 F. Supp. 2d 338 (D.R.I. 2003) (Smith, J.). Judge Smith's analysis of the significance of personal meetings in the forum state supports Z-Medica's motion to dismiss. In *Hainey*, the court concluded that it *lacked* specific jurisdiction over defendants where the "majority of the meetings between the parties occurred outside of Rhode Island . . . ." *Id.* at 342. Similarly here, the majority of the meetings happened in Connecticut, not Rhode Island, and the Plaintiffs have not and cannot allege otherwise. The evidence in *Hainey* did "not indicate that [the defendant] came to Rhode Island *deliberately* to transact business with [the plaintiff] . . ." *Id*. (emphasis added). Similarly here, Plaintiffs' evidence does not indicate that Z-Medica's representative traveled to Rhode Island deliberately to transact business with Plaintiffs. Z-Medica's representative traveled to Rhode Island to attend a medical conference. *See* Huey Aff. ¶ 13.

Judge Smith held that the court had specific jurisdiction over a claim arising out of a loan between the parties that was made based upon "discussions and negotiations that occurred in Rhode Island." *Id.* at 344. Here, in contrast, Plaintiffs have not offered evidence or alleged that their claims arise out of the discussions the parties had during a brief meeting in Rhode Island.

**IV. <u>Plaintiffs' Complaint Fails to Allege a Sufficient Basis for Jurisdiction.</u>**

Plaintiffs assert that their Complaint "recites factors consistent with the Court's exercise of jurisdiction." Opp. at 2. However, the Complaint merely includes one conclusory allegation that Z-Medica "is subject to jurisdiction in Rhode Island . . . . based on its minimum contact with the forum." Plaintiffs' Opposition asserts, "AmTrans also purchased product from Z-Medica, (Plaintiffs' Verified Complaint, Paragraphs 16 and 32), which was shipped to, and stored in Rhode Island." Opp. at 2. The Complaint, however, does *not* allege: (1) that Z-Medica shipped QuikClot® to Plaintiffs in Rhode Island; or (2) that Z-Medica, or any party, stored QuikClot® in Rhode Island. Although Plaintiffs state in their Opposition that QuikClot® was "shipped [to Rhode Island] for re-distribution," Z-Medica never (1) shipped QuikClot® to Plaintiffs in Rhode Island, Huey Aff. ¶ 8, or (2) intended for the product to be redistributed in Rhode Island. *Id.* ¶ 6.

**V. <u>The Gestalt Factors Weigh Against Jurisdiction.</u>**

Plaintiffs assert, but do not explain, how a "review of the Gestalt factors supports exercise of jurisdiction in Rhode Island." Opp. at 3. Plaintiffs only argue that, because Z-Medica is headquartered in Connecticut, there is "no burden on Z-Medica" appearing in Rhode Island. *Id.* Courts within the First Circuit carefully weigh the Gestalt factors. Plaintiffs' cursory discussion of the Gestalt factors cannot shift the balance in favor of jurisdiction in Rhode Island. *See e.g., Phillips Exeter Acad. v. Howard Phillips Fund,* 196 F.3d 284, 292 (1st Cir. 1999) (relative strength or weakness of Plaintiff's showing on first two elements bears upon third

element). Because Z-Medica is a Connecticut corporation, Connecticut has interests in promoting substantive social policies to protect its businesses from unfair practices of out-of-state businesses and to provide a forum for resolving such matters. This dispute belongs in Connecticut. To that end, on May 7, 2008, Z-Medica filed a Complaint in the District of Connecticut against AmTrans, Sagar, and their principals. *See Z-Medica Corp. v. AmTrans Health LLC, Sagar Fossil Fuel Tech. Ltd, Pvt., Shaneel K. Jain and James J. Roberts*, 3:08cv676(SRU)(D. Conn.) Accordingly, were this Court to dismiss this action, the parties would still have another forum to resolve their differences.

## CONCLUSION

For the reasons set forth above and in Defendant Z-Medica Corporation's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 10), Defendant Z-Medica Corporation respectfully requests that the Court dismiss this action for lack of personal jurisdiction.

Respectfully Submitted,
DEFENDANT
Z-MEDICA CORPORATION

By_____/s/ Dana M. Horton___

Dana M. Horton, RI Bar No. 6251
dhorton@rc.com
Craig A. Raabe, *pro hac vice*
craabe@rc.com
Nuala E. Droney, *pro hac vice*
ndroney@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

**CERTIFICATION**

This is to certify that on the 7th day of May 2008, a copy of the foregoing DEFENDANT Z-MEDICA'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Dana M. Horton
Dana M. Horton