**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMTRANS HEALTH, LLC and SAGAR FOSSIL FUEL TECHNOLOGIES PVT. LTD., | : | CIVIL NO. 08cv0044(ML) |
| Plaintiffs, | : | |
| V. | : | |
| Z-MEDICA CORPORATION, | : | |
| Defendant. | : | |
| | : | May 8, 2008 |

**DEFENDANT Z-MEDICA'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO PERMIT DISCOVERY**

Defendant Z-Medica Corporation ("Z-Medica") respectfully requests that the Court deny Plaintiffs' request to conduct discovery (Doc. No. 15) prior to the Court's ruling on Z-Medica's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 10). Plaintiffs have failed to set forth a colorable basis for either general or specific personal jurisdiction over Z-Medica.[1] Accordingly, Plaintiffs are not entitled to jurisdictional discovery.

## ARGUMENT

### I. Plaintiffs Failed to Meet Their Burden of Establishing a Colorable Basis for Personal Jurisdiction.

When an out of state defendant, such as Z-Medica, asserts that the court lacks personal jurisdiction, plaintiffs are not entitled to jurisdictional discovery unless they make out a

[1] Z-Medica hereby incorporates Z-Medica's arguments as set forth in Z-Medica's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 10), Memorandum in Support thereof, and Reply in Further Support of Motion to Dismiss (Doc. No. 16).

"colorable case for the existence of *in personam* jurisdiction." *Sunview Condo. Assoc. v. Flexel Int'l, Ltd.*, 116 F. 3d 962, 964 (1st Cir. 1997); *see also Emissive Energy Corp. v. Innovage Inc.*, 2007 WL 2907869, *1-2 (D.R.I. Oct. 3, 2007) (denying jurisdictional discovery). Plaintiffs have not and cannot provide a colorable basis for personal jurisdiction over Z-Medica. *See* Doc. Nos. 10, 16. First, Plaintiffs' Complaint does not contain any allegations that link Z-Medica to Rhode Island other than to allege in a conclusory manner that Z-Medica "is subject to jurisdiction in Rhode Island without limitation based on its minimum contacts with the forum." Compl. ¶ 4. Second, the affidavits Plaintiffs submitted in opposition to Z-Medica's Motion to Dismiss fail to support Plaintiffs' assertion of jurisdiction. *See* Z-Medica's Reply Mem. (Doc. No. 16) at 2-3; *U.S. v. Swiss Am. Bank, Ltd.,* 274 F. 3d 610, 625 (1st Cir. 2001) (denying jurisdictional discovery because though plaintiff asserted that it had "stated a 'colorable case' . . . for specific jurisdiction, [plaintiff] offer[ed] scant evidence in support of that conclusion"). The Plaintiffs have not provided the Court with a colorable case for jurisdiction and the Court must therefore deny Plaintiffs' request for discovery.

### II. Jurisdictional Discovery is Unnecessary Given the Strength of Z-Medica's Legal Arguments and the Affidavit of Raymond J. Huey.

Even if the Court concluded that Plaintiffs made a colorable case for jurisdiction over Z-Medica, the Court should not allow discovery. Plaintiffs' proposed discovery would be unnecessary and duplicative. *Id.* at 625 ("even when the plaintiff has been diligent and has made a colorable claim for personal jurisdiction, the district court still has 'broad discretion to decide whether discovery is required.'") District courts have "broad discretion to defer pretrial discovery if the record indicates that discovery is unnecessary (or, at least, is unlikely to be useful) in regard to establishing the essential jurisdictional facts." *Dynamic Image Tech., Inc. v. U.S.,* 221 F.3d 34, 38 (1st Cir. 2000).

Plaintiffs' proposed discovery is unnecessary and unlikely to be useful. The Court already has before it the affidavit of Raymond J. Huey, Z-Medica's Chief Executive Officer. Huey's affidavit sets forth facts from which the Court can rule on Z-Medica's Motion to Dismiss. *See* Huey Aff. (Doc. No. 10-3). No additional facts are needed. Huey's affidavit describes in detail that Z-Medica has only made one direct shipment to Rhode Island and four shipments via non-Rhode Island distributors to Rhode Island, none of which were to or related to the Plaintiffs. Huey Aff. ¶ 10. The affidavit provides the exact dates, quantities, and dollar amounts of the shipments, which amounted to less than 0.1% of Z-Medica's sales. *Id.* ¶¶ 10-12. Z-Medica did not sell products to Plaintiffs with the expectation that they would be used in Rhode Island. *Id.* ¶ 6. Z-Medica did not ship or deliver products to Plaintiffs in Rhode Island. *Id.* ¶ 7. These facts are sufficient for the Court to rule on Z-Medica's Motion to Dismiss.

**CONCLUSION**

For the reasons set forth above, Defendant Z-Medica Corporation respectfully requests that the Court deny Plaintiffs' Motion to Permit Discovery (Doc. No. 15).

Respectfully Submitted,

DEFENDANT
Z-MEDICA CORPORATION

By_____/s/ Dana M. Horton___

Dana M. Horton, RI Bar No. 6251
dhorton@rc.com
Craig A. Raabe, *pro hac vice*
craabe@rc.com
Nuala E. Droney, *pro hac vice*
ndroney@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

**CERTIFICATION**

This is to certify that on the 8th day of May 2008, a copy of the foregoing DEFENDANT Z-MEDICA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT DISCOVERY was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Dana M. Horton
Dana M. Horton