UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMTRANS HEALTH, LLC, and SAGAR FOSSIL FUEL TECHNOLOGIES PVT. LTD., Plaintiffs,

v. CA 08-44 ML

Z-MEDICA CORPORATION, Defendant.

**ORDER**
**DENYING PLAINTIFFS'**
**MOTION TO PERMIT DISCOVERY**

Before the Court is the Motion to Permit Discovery (Document ("Doc.") #15) of Plaintiffs AmTrans Health, LLC, and Sagar Fossil Fuel Technologies Pvt. Ltd. ("Plaintiffs"). A hearing was held on May 16, 2008.

A diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense. Sunview Condo. Assoc. v. Flexel Int'l, Ltd., 116 F.3d 962, 964 (1st Cir. 1997); Emissive Energy Corp. v. Innovage Inc., C.A. No. 06-401 S, 2007 WL 2907869, at *2 (D.R.I. Oct. 3, 2007). It is a plaintiff's obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 626 (1st Cir. 2001); Emissive Energy Corp., 2007 WL 2907869, at *2.

The Court has reviewed the relevant case law and:

1) Plaintiffs' Motion to Permit Discovery (Doc. #15), the memorandum filed in support of the motion, and the documents constituting the discovery which Plaintiffs seek

to conduct (i.e., Plaintiffs' Request for Defendant's Admission, Plaintiffs' First Set of Special Interrogatories, and Plaintiffs' First Request for Production of Documents);

2) Defendant Z-Medica's Opposition to Plaintiffs' Motion to Permit Discovery (Doc. #17);

3) Defendant Z-Medica Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #10) and the memorandum and affidavit filed in support thereof;

4) Plaintiffs' Objection to Defendant's Motion to Dismiss (Doc. #14) and the memorandum, affidavits, and exhibits filed in support thereof;

5) Defendant Z-Medica's Reply in Further Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #16);

6) Verified Complaint and Demand for a Jury Trial ("Complaint");[1] and

7) Affidavit of John Vernancio dated May 15, 2008.[2]

After reviewing the above and listening to the arguments of counsel, the Court finds that the evidence which Plaintiffs have presented is insufficient to make out a colorable claim for *in personam* jurisdiction. There are two types of personal jurisdiction: general and specific. United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Id. "The 'continuous and systematic' requirement

---

[1] The Verified Complaint and Demand for a Jury Trial is part of Exhibit A to the Notice of Removal (Doc. #1).

[2] Counsel for Plaintiffs submitted this affidavit at the May 16, 2008, hearing. The Court has designated it as a hearing exhibit.

has been characterized as being satisfied when the defendant's forum contacts are 'extensive and pervasive.'" Barry v. Mortgage Serv. Acquisition Corp., 909 F.Supp. 65, 75 (D.R.I. 1995)(quoting Romann v. Geissenberger Mfg. Corp., 865 F.Supp. 255, 260 (E.D. Pa. 1994)). Given these requirements, it is a virtual certainty that general jurisdiction does not exist in this case.

For specific jurisdiction, this circuit divides the constitutional analysis into three categories: relatedness, purposeful availment, and reasonableness. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 60 (1st Cir. 2002). All three prongs of this tripartite test must be satisfied. Swiss Am. Bank, Ltd., 274 F.3d at 626. The relatedness requirement focuses on the nexus between the defendant's contacts with the forum state and the plaintiff's cause of action. Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 717 (1st Cir. 1996). In view of the allegations in the Complaint, the Court sees almost no chance that Plaintiffs will be able to satisfy the relatedness prong, even if the discovery they seek were granted. As for the second prong, Plaintiffs' ability to show that Defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in Rhode Island appears doubtful at best. Finally, the discovery sought is unlikely to affect application of the Gestalt factors to such a degree that they would weigh heavily in favor of a finding that the exercise of jurisdiction in this case would be reasonable. Cf. id. ("a strong showing of reasonableness may serve to fortify a more marginal showing of relatedness and purposefulness").

Accordingly, for the reasons stated above, Plaintiffs' Motion to Permit Discovery is DENIED.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 19, 2008