**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**AMTRANS HEALTH, LLC and SAGAR FOSSIL FUEL TECHNOLOGIES PVT. LTD**
**Plaintiffs**

**CIVIL NO. 08-cv0044(ML)**

**v.**

**Z-MEDICA CORPORATION**
**Defendant**

**<u>PLAINTIFFS' MEMORANDUM IN SUPPORT OF APPEAL</u>**

This case was originally brought in the Providence County Superior Court. Z-Medica removed the action here, only to move its dismissal. [1]

In support of its dismissal motion, Z-Medica filed a carefully drafted affidavit disavowing virtually any contact with Rhode Island. While perhaps truthful, it did not disclose its marketing efforts in targeting Rhode Island. After filing the affidavit, Z-Medica also made a purposeful incursion into Rhode Island at a trade show.

These sojourns into Rhode Island were discovered by Plaintiffs through informal, unfunded investigation and happenstance. Amtrans and its co-plaintiffs are still trying to find out what other relationships Z-Medica has with Rhode Island, in order to support its claim of general jurisdiction.

---

[1] Z-Medica has since brought its own action in the District Court for the District of Connecticut, *Z-Medica Corporation v. Amtrans et al*, 3:90 cv 676 (SRU).

The decision of the Magistrate Judge has cut that effort off before it even began. Given Z-Medica's lack of candor and disclosure, Plaintiffs respectfully suggest that the Magistrate Judge erred.

He essentially pre-decided the Motion to Discuss, pending before the Court, by finding "it is a virtual certainty that general jurisdiction does not exist in this case". (Op. p.3). We simply do not know that unless Z-Medica is forced to disclose its contacts. Clearly this is a fact based analysis, and many operative facts are unknown.

Moreover, the discovery sought is specifically targeted to those facts, unknown to Plaintiffs, which support Z-Medica's contacts with Rhode Island.

Even in this electronic age, a few e-mails may be insufficient purposeful availment. Here, however, we have multiple e-mails, telephone calls, correspondence and visits to the state. This is buttressed by advertising directed to Rhode Island. Whether Z-Medica has vendors, testing laboratories, or other contacts is unknown.

It must be remembered that the sole purpose of Amtrans is to facilitate the sale of Z-Medica products through Sagar in India. These Plaintiffs are not just purchasers at an occasional sale. Their activities in Rhode Island were generated for and on behalf of Z-Medica. Z-Medica knew it and purposely encouraged it.

Accordingly, it is fair inquiry to seek further evidence. After all, Rhode Island extends its long arm jurisdiction to the fullest extent possible under the Constitution. Further evidence of minimum contacts is relevant and material.

For the foregoing reasons, Plaintiffs respectfully urge the Court to reverse the Magistrate Judge's Order, and permit jurisdictional discovery, before it rules on Defendant's Motion to

Dismiss.

Respectfully submitted,
**AMTRANS HEALTH, LLC et al**
By its attorney,

/s/ Gerard M. Decelles

Gerard M. DeCelles, #1394
1536 Westminster Street
Providence, RI 02909
Tel (401) 272-8998
Fax (401) 272-4907