**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMTRANS HEALTH, LLC and SAGAR FOSSIL FUEL TECHNOLOGIES PVT. LTD., | : | CIVIL NO. 08cv0044(ML) |
| Plaintiffs, | : | |
| V. | : | |
| Z-MEDICA CORPORATION, | : | |
| Defendant. | : | |
| | : | June 6, 2008 |

**DEFENDANT Z-MEDICA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' APPEAL OF ORDER DENYING MOTION TO PERMIT JURISDICTIONAL DISCOVERY**

Pursuant to L. Cv. R. 72(c)(2), Defendant Z-Medica Corporation ("Z-Medica") respectfully requests that the Court deny Plaintiffs' appeal (Doc. No. 21) of Magistrate Judge Martin's order (Doc. No. 19) denying Plaintiffs' motion to permit jurisdictional discovery (Doc. No. 15). Judge Martin correctly concluded that Plaintiffs have failed to set forth a colorable basis for personal jurisdiction and therefore are not entitled to jurisdictional discovery.[1]

## I. Standard of Review: District Courts Only Reverse Magistrate Judges' Rulings on Non-Dispositive Motions if They are Clearly Erroneous or Contrary to Law

In reviewing magistrate decisions on non-dispositive matters, such as Judge Martin's ruling on Plaintiffs' motion for jurisdictional discovery, district courts apply a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); *see also Conetta v. Nat'l Hair Care Ctrs., Inc.*, 182 F.R.D. 403, 405 (D.R.I. 1998). District courts only reconsider such rulings when this standard is met. *See Sellers v. United States DOD*, 2008 U.S. Dist. LEXIS 12762 (D.R.I.

[1] Z-Medica hereby incorporates Z-Medica's arguments as set forth in Z-Medica's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 10), Memorandum in Support thereof, Reply in Further Support of Motion to Dismiss (Doc. No. 16), and Opposition to Plaintiffs' Motion to Permit Discovery (Doc. No. 17).

Feb. 8, 2008). A determination is "clearly erroneous" when a court, after reviewing all relevant evidence, is "left with the definite and firm conviction that the magistrate judge made a mistake." *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 6 (D.R.I. 2004); *see United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Throughout the review, district courts should "refrain from second-guessing the magistrate judge's pre-trial discovery rulings." *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 6 (D.R.I. 2004); *see Mut. Fire, Marine & Inland Ins. Co. v. Jenckes Machine Co.*, 1986 WL 9717, at *1 (D. R.I. Feb. 19, 1986). Here, the Plaintiffs have failed to provide this Court with any basis for a definite and firm conviction that Judge Martin made a mistake in denying jurisdictional discovery, or that his ruling was otherwise clearly erroneous.

## II. Procedural Background

On January 18, 2008, Plaintiffs filed this action in Rhode Island Superior Court against Z-Medica, a Connecticut corporation with a principal place of business in Wallingford, Connecticut. On February 6, 2008, Z-Medica removed this action to this Court based on diversity jurisdiction. On March 5, 2008, Z-Medica moved to dismiss this action for lack of personal jurisdiction. On April 30, 2008, Plaintiffs filed their objection to Z-Medica's motion. On the same day, Plaintiffs filed a motion seeking the Court's permission to conduct jurisdictional discovery prior to the Court's ruling on Z-Medica's motion to dismiss.[2] On May 7, 2008, Z-Medica filed a reply in further support of its motion to dismiss and a day later filed an opposition to Plaintiffs' request to permit jurisdictional discovery. On May 16, 2008, Judge Martin held oral argument on Plaintiffs' motion for jurisdictional discovery.

---

[2] It is Z-Medica's position that this case belongs in Connecticut, as Connecticut was the center of the parties' relationship relevant to the dispute. To that end, on May 7, 2008, Z-Medica filed a Complaint in the District of Connecticut against AmTrans, Sagar, and their principals. *See* Z-Medica Corp. v. AmTrans Health LLC, Sagar Fossil Fuel Tech. Ltd, Pvt., Shaneel K. Jain and James J. Roberts, 3:08cv676(SRU)(D. Conn.).

Judge Martin reviewed all of the aforementioned filings and on May 19, 2008 issued an order denying Plaintiffs' request for jurisdictional discovery. Specifically, Judge Martin concluded that the evidence Plaintiffs "presented is insufficient to make out a colorable claim for *in personam* jurisdiction." Doc. 19 at 2.

## III. Judge Martin's Ruling Was Neither Clearly Erroneous Nor Contrary to Law

Jurisdictional discovery is not a right; courts only grant such discovery once a party has made out a colorable case for jurisdiction. *See Sunview Condo. Assoc. v. Flexel Int'l Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997). Here, Judge Martin correctly concluded that Plaintiffs have failed to meet the threshold showing necessary for jurisdictional discovery. Plaintiffs do not cite a single case in support of their appeal of the Court's order, let alone a case to support a finding that Judge Martin's order was clearly erroneous or contrary to law.

As Judge Martin's order sets forth, the Court carefully reviewed the relevant case law and related filings by the parties, including the Affidavit of John Vernancio dated May 15, 2008 and filed with the Court the day of the hearing. *See* Doc. 19 at 1-2. After oral argument, the Court concluded that "the evidence which Plaintiffs have presented is insufficient to make out a colorable claim for *in personam* jurisdiction." Doc. 19 at 2. Because the Plaintiffs failed to meet the threshold showing of a "colorable case" for personal jurisdiction, Judge Martin had no obligation to proceed further in his analysis.

Nonetheless, Judge Martin went further after setting forth the law regarding general personal jurisdiction, and concluded that it is "a virtual certainty that general jurisdiction does not exist in this case." Doc. 19 at 3. Likewise, Judge Martin concluded that "[i]n view of the allegations of the Complaint, the Court sees almost no chance that Plaintiffs will be able to satisfy the relatedness prong, even if the discovery they seek were granted" and "Plaintiffs'

ability to show that Defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in Rhode Island appears doubtful at best." *Id.* Moreover, the Court concluded that the proposed discovery was even "unlikely to affect application of the Gestalt factors to such a degree that they would weigh heavily in favor of a finding that the exercise of jurisdiction in this case would be reasonable." *Id*. Plaintiffs' appeal fails to provide a single citation to a case that would undermine Judge Martin's conclusions.

Plaintiffs' appeal accuses Z-Medica of a lack of "candor and disclosure," however as counsel for Plaintiffs admitted during oral argument, all of the actions set forth in the affidavit of Mr. Vernancio, which Plaintiffs submitted to Judge Martin at oral argument, occurred *after* Z-Medica filed its papers with the Court. Moreover, Judge Martin had the benefit of the Affidavit of Mr. Vernancio and concluded that even taking it into consideration, Plaintiffs still failed to make out a colorable case for personal jurisdiction.

Instead of providing the Court with cases showing that Judge Martin's ruling is clearly erroneous or contrary to law, Plaintiffs ask the Court to second-guess, without reason, Judge Martin's ruling on this non-dispositive motion. Such second-guessing is contrary to case law and practice in the District of Rhode Island. *Cf. Harvard Pilgrim*, 318 F. Supp. 2d at 6 (District Courts should "refrain from second-guessing the magistrate judge's pre-trial discovery rulings."). Even were the Court to second-guess Judge Martin's ruling, Z-Medica's prior submissions in opposition to discovery and in support of its motion to dismiss strongly support the denial of Plaintiffs' proposed discovery.

**CONCLUSION**

For the reasons set forth above, the Court should deny Plaintiffs' appeal of Judge Martin's order denying Plaintiffs' request for jurisdictional discovery. Plaintiffs have not provided the Court with any reason why the order is clearly erroneous nor contrary to law.

Respectfully Submitted,

DEFENDANT
Z-MEDICA CORPORATION

By_____/s/ Dana M. Horton___

Dana M. Horton, RI Bar No. 6251
dhorton@rc.com
Craig A. Raabe, *pro hac vice*
craabe@rc.com
Nuala E. Droney, *pro hac vice*
ndroney@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

**CERTIFICATION**

This is to certify that on the 6th day of June 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Dana M. Horton
Dana M. Horton